[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON OBJECTION TO REPORT OF FACT FINDER
CT Page 7738
This lawsuit was commenced by the plaintiff to collect money damages for breach of contract and for unjust enrichment. The plaintiff alleges that the defendant Martin Feldman, doing business as Martin Lighting, contracted for Yellow Pages advertising in the telephone directories for New Haven, Bridgeport, and other local towns, to be paid for on a monthly basis, and failed to pay for the advertising. The defendant denies the allegations in the complaint.
The matter was referred to a fact finder for trial, pursuant to Conn. Prac. Book § 23-53. After hearing the evidence, the fact finder issued a Memorandum awarding $3745.50 to the plaintiff. The fact finder found that this sum was the amount represented by exhibits that contained "the defendant's personal signature." Thereafter, the plaintiff filed an objection to the acceptance of the finding of facts, pursuant to Conn. Prac. Book § 23-57. The objection claims that the fact finder misunderstood or misread the exhibits — that the the amount was billed monthly — so that the total should be greater.
In examining the exhibits the court notes that those containing the defendant's signature are actually in two groups. The first group, Exhibit C, contains a set of invoices for the 1995-1996 directories for New Haven, Bridgeport, Ansonia-Derby. the Amity community, and the Business-to-Business directories. In addition there is an attached summary page noting that the directories in which the defendant's advertising will run are those of New Haven, Bridgeport, Ansonia-Derby, and Clinton-Guilford/Madison. The summary page contains the defendant's signature and the total of the charges on the underlying invoices. That sum is written as $1010.50, preceded by the printed words "monthly total for next publication."
Exhibit D is a similar group of invoices for essentially the same publications for the 1996-1997 directories. The summary page indicates a "monthly total for next publication" of $1218.50. The defendant signed many of the individual underlying invoices in addition to signing the summary page. The sum of all the invoices in Exhibit D signed by the defendant thus yields a monthly total of nearly twice that for which the parties contracted for that year. CT Page 7739
The report of the fact finder relies largely on the exhibits for the award. But the exhibits do not support the conclusions of the fact finder. Relying just on the exhibits, without evidence of any credits or payments, the total for the 1995-1996 Yellow Pages ads would be $12,606; and the total for the 1996-1997 year would be $14,622.
It may be that there was other evidence in the form of oral testimony that placed in issue the capacity in which the defendant signed the documents, in his individual capacity or only as an officer of a corporation. It may be that he contested that it was his signature. Perhaps the defendant did not run the ads as promised. But based only on the documents, it is clear that the conclusions reached are not supported by the evidence.
Therefore, pursuant to Conn. Prac. Book § 23-58, the court rejects the finding of facts and remands the matter to the fact finder for either a rehearing of the matter and the filing of a supplementary finding of facts that contains a more detailed basis of how an award to the plaintiff was calculated, or, at the option of the fact finder, the filing of such a supplementary finding without further rehearing.
The court requests that the fact finder take the necessary steps to file a supplementary finding of facts within thirty days.
Patty Jenkins Pittman, Judge